JUAN F. RIBERAS, Plaintiff and Appellant, *v.* BANCO AGRÍCOLA DE AGUADILLA, Defendant and Appellee.

No. 6136. Argued June 2, 1933.—Decided July 22, 1933.

*Pascasio Fajardo* for appellant. *Juan B. Soto* and *E. González Mena* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an action for damages. The plaintiff alleged, in short, that while he kept a checking account at the defendant bank he issued a check for $30 in favor of G. M. Accept., another for $3.95 in favor of the Municipality of Aguada, and another for $101 in favor of P. M. Nieva; that, although the plaintiff had sufficient funds on deposit to his credit, the bank refused to pay those checks, thereby causing the loss of a contract for an automobile sales agency which the plaintiff had entered into with P. M. Nieva, and the impairment of his credit as a businessman in the community, resulting in damages which the plaintiff estimated respectively at $12,000 and $2,000.

The defendant sought and obtained the elimination of certain particulars from the complaint and filed an answer denying the facts charged against it and alleging that it did not honor the said checks because the defendant not only had no funds to his credit in the bank but also had overdrawn his account to the extent of $224.48.

The case went to trial and the court rendered judgment against the plaintiff. Feeling aggrieved by that judgment,

he took the present appeal, and has assigned in his brief six errors. The first assignment refers to the striking out of parts of the complaint; the second, third, and fourth, to the weighing of the evidence; and the fifth, to the refusal of the court to admit in evidence a certain letter. The sixth error assigned by the appellant is claimed to have been committed by the court in adjudging him to pay costs.

We will first consider the assignments numbered 2, 3, and 4. The trial court in its statement of the case and opinion makes a careful analysis of the evidence introduced, and revealing in its findings an absolute conviction, gives no credence to the evidence adduced by the plaintiff while believing that introduced by the defendant. In our judgment the trial court acted justly and in accordance with the law.

This case arose by reason of a mistake made by an employee of the bank who entered in the plaintiff's passbook the sum of $277 instead of $55, which was the real amount of the deposit effected by the plaintiff on December 21, 1929.

Relying to the utmost on the entry made in his passbook, the plaintiff and appellant maintains that the district court was bound to acknowledge his right not only to the $55 credited to his account in the books of the bank and not in the passbook, but also to the $277 entered in the passbook although that amount did not appear in the books of the bank.

There is no doubt that the entry of a deposit in the depositor's passbook, made by the proper bank officer, has great evidentiary value. It speaks for itself and is prima facie evidence of the deposit. But that does not mean that the entry can not be contradicted or rebutted by other evidence deemed to be worthy of full credit by the court, as it occurred in the present case.

In summarizing the decisions on this matter, Corpus Juris says:

"The entry of a deposit in the depositor's pass book is an admission of indebtedness to the depositor on the part of the bank and a contract to repay the money to the depositor or his order; . . . . Formerly if a bank officer entered a deposit on the pass book at the time it was made the entry was original and binding on the bank; . . . The present rule, however, is that the rights of neither party are fixed or changed by entries in or the settling of a pass book, but in all cases the account is open to examination and correction, although a depositor is bound to take notice of entries in his pass book upon periodical balancing thereof, and to report any error discovered without unreasonable delay. A pass book is, however, prima facie evidence of the matters therein, although not conclusive." 7 C. J. 637, 638.

The statement of the case by the trial judge and the briefs filed by the parties are very lengthy, and were we to make now a detailed analysis of the evidence introduced by the parties, our opinion would also become very extensive.

It suffices to say that the testimony of the plaintiff and of his brother Ismael, when analyzed, produce doubts in the mind of the judge. There is a deposit slip for $55 prepared by the plaintiff himself on December 21, 1929, which the bank acknowledges as the only one really made. As that deposit does not appear in the passbook, the plaintiff stated that he did not take the passbook with him when he made the deposit because his brother, Ismael, had it. However, according to the testimony of Ismael, the passbook was in the desk they both used. Ismael asserts that his brother delivered to him and that he deposited in his brother's name that same day, December 21, the $277 which appears as credited in the passbook but not in the books of the bank, and handed the money to the receiving teller, Arturo Milán; and that his brother said nothing to him in regard to the other deposit. The plaintiff had a small automobile business in Aguadilla. He said that he kept his accounts from memory, and hence could not show in any written form the origin of the $277. Not even from memory was he able to indicate its origin in some specific form susceptible of verification.

In conflict with the testimony of Ismael Riberas was that of Arturo Milán, the receiving teller of the bank, who asserted that Ismael had not handed him the alleged sum; that $55 was the amount of the only deposit made in the plaintiff's account that day; and that, through a mistake, he entered in the passbook the sum of $277 instead of $55. He further asserted that he kept a separate list of all the deposits liquidated each day; that the deposit slips were preserved for the final liquidation of each account, and that had the $277 been deposited that fact would have been noticed when the deposits for the day were checked and when the deposit slips were examined later.

The testimony of Milán is corroborated by that of Añeses, the manager and cashier of the bank, who stated that it is his duty to be present at the balance of the daily operations of the bank every afternoon, and that he was so present on the day in question; that on said day no deposit for the sum of $277 was made; that, no excess resulted; and that there was no difficulty in checking the money on hand. It is also corroborated by the testimony of the assistant manager Badillo.

Another circumstance which necessarily inclined the court to find against the plaintiff was that for several consecutive months the plaintiff had been receiving the monthly statement of account which the bank customarily rendered to him at the end of each month in none of which the alleged deposit of $277 appeared, and he accepted them without objection. He attempted to prove certain personal efforts on his part near the bank, but the court did not believe his statements. The allusion to Mr. E. González Mena in connection with this question could not be more unfortunate, since González Mena, upon being called to testify, stated that it was towards the end of the month of July, 1930, and not before that time, that he saw the plaintiff talking to the assistant manager Mr. Badillo, that is, after the bank had refused to cash the checks in question.

In 7 Corpus Juris 639 it is said: "It has also been held that the writing up of a depositor's pass book and striking a balance and returning it to him with the checks constitutes an account rendered and that unless objection is made thereto by the depositor within a reasonable time he is bound thereby, and the account can be opened for examination and restatement only on the ground of fraud."

The case cited in connection with the text is *McKeen* v. *Boatmen's Bank*, 74 Mo. A. 281. In our opinion the doctrine goes too far in requiring proof of fraud, but even the decision cited in note 67 as qualifying the text shows the force of the account rendered. We refer to the case of *Critten* v. *Chemical Nat. Bank*, 60 App. Div. 242, 70 N.Y.S. 246, "holding that, although the return of the account with the vouchers is an account stated, this only puts on plaintiff the burden of proving a mistake or error."

Here the plaintiff did nothing. He considered that his passbook was sufficient. But when relying on the accuracy of its contents he sought judicial aid in order to press his advantage, the court aided by the strong light thrown on the case by the evidence adduced by the defendant, established the real truth and refused to help the plaintiff, imposing him costs as the depositor. Justice was done.

Although it was not necessary, the district court proceeded to consider in its statement of the case and opinion the evidence as to the alleged damages, and concluded that the same had not been proved. If the evidence on that point serves any purpose, it is to show the correctness of the finding made that the $277 deposit was nonexistent.

The assignment concerning the motion to strike out is without merit. Only redundant matter and mere conclusions of law were stricken out, as is clearly shown by the decision of the district court.

The letter whose admission in evidence was refused referred to the damages. The latter could not be established

534

without first proving the existence of the deposit. This was not done, and the assignment need not be considered.

The sixth and last error assigned is nonexistent. As already stated, the judgment rendered was proper and just, and it must be affirmed.